UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK BARNES, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | |
| TRADER JOE'S EAST, INC. and WORKFORCE ENTERPRISES WFE, INC., | ) ) ) | |
| Defendants. | ) | |

## WORKFORCE ENTERPRISES WFE, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Workforce Enterprises WFE, Inc. ("Workforce"), by its counsel, hereby gives notice of removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

### I. FACTUAL BACKGROUND

1.       On April 29, 2020, Plaintiff Derrick Barnes ("Plaintiff") filed a Class Action Complaint ("Complaint") in the Circuit Court of Cook County, Illinois, styled *Barnes v. Trader Joe's et al.*, Case No. 2020-CH-04016. The Complaint named Workforce as a defendant, and was served on Workforce on May 8, 2020. A copy of all process, pleadings, and orders served upon Workforce with respect to this action are attached to the Declaration of Kenneth D. Walsh submitted herewith as Group Exhibit A.[1]

---

[1] On the afternoon of June 8, 2020, the deadline for removal, Plaintiff filed a motion seeking leave to file an amended complaint, which is attached hereto in Group Exhibit A. That proposed pleading is not the operative complaint, and the allegations contained therein do not affect the basis for removal or the Class Action Fairness Act ("CAFA") analysis describe herein.

1

2. A true and correct copy of the Circuit Court of Cook County docket and remainder of the Cook County Court files as of June 8, 2020 are attached to the Declaration of Kenneth D. Walsh submitted herewith as Group Exhibit B.

3. Plaintiff's Complaint alleges that Workforce and co-defendant Trader Joe's East, Inc. ("Trader Joe's") (collectively, Workforce and Trader Joe's are referred to herein as "Defendants") have violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 ("BIPA") by, among other things, purportedly: (1) failing to inform Plaintiff and class members that their biometric information was being collected; (2) failing to inform Plaintiff and class members of the specific purpose and length of time for which their biometric information was being collection, stored, and used; (3) failing to create a publicly available retention schedule concerning biometric information; and (4) failing to receive written authorization from Plaintiff and class members concerning the collection, capture, and/or use of biometric information and/or identifiers. *See* Compl. at ¶ 5.

4. Plaintiff's claims against both Workforce and Trader Joe's rest upon the same factual allegations; namely, that "[i]ndividuals who perform work for Defendants in Illinois have been required to place their faces in front of Defendants' biometric time clocks in order to clock in and out of work." See Compl., at ¶ 3. According to Plaintiff, "Defendants' practices in collecting, storing, and using individuals' biometrics' violates § 15(a) and all three prongs of § 15(b) of BIPA." *Id.* at ¶ 15.

5. Based on these and other allegations, Plaintiff asserts claims for violation of the BIPA and negligence and seeks declaratory and injunctive relief as well as statutory damages and attorneys' fees and costs. See Compl. at ¶¶ 35-45. Plaintiff seeks to bring his claims against Defendants on behalf of a proposed class of:

> All citizens of Illinois who, using the Defendants' Biometric Scanner System or other device, had their retina or iris scans, or scans of face geometry, or other biometric information collected, captured, received, otherwise obtained, used, or stored by the Defendants, at any of Defendants' locations in the State of Illinois in the five years preceding the filing of the Complaint.

*Id.* at ¶ 30.

## II. REMOVAL IS PROPER PURSUANT TO THE CLASS ACTION FAIRNESS ACT

6. Plaintiff's claims are removable because the Class Action Fairness Act ("CAFA") provides this Court with jurisdiction. *See* 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (i.e., minimal diversity exists); (2) the proposed class consists of more than 100 members; and (3) the amount in controversy is $5 million or more, aggregating all claims and exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B).2 As shown below, each of these requirements is met.

**A. Minimal Diversity**

7. Minimal diversity is established under CAFA because Plaintiff and one or more members of the proposed class are citizens of different states from Workforce (and co-defendant Trader Joe's). *See* 28 U.S.C. § 1332(d)(2)(A).

8. According to the allegations in the Amended Complaint, Plaintiff is a citizen of Illinois and seeks to represent a class of "[a]ll citizens of Illinois" who used the alleged biometric systems "at any of Defendants' locations in the State of Illinois in the five years preceding the filing of the Complaint." *See* Compl. ¶¶ 1, 30.

9. Defendant Workforce is incorporated under the laws of the State of California and has its principal place of business in Ontario, California. *Id.* at ¶ 9; California Secretary of State Record, Ex. D to the Declaration of Kenneth D. Walsh submitted herewith. A corporation, such as Workforce, "shall be deemed to be a citizen of every [s]tate . . . by which it has been incorporated

and . . . where it has its principal place of business . . . ." 28 U.S.C. §1332(c)(1). Accordingly, Workforce is a citizen of the state of California for purposes of diversity jurisdiction and is not a citizen of the State of Illinois. *Id.*

10. Defendant Trader Joe's is incorporated under the laws of the State of Massachusetts and has its principal place of business in Monrovia, California. *See* Compl. at ¶ 9; California Secretary of State Record, Ex. C to the Declaration of Kenneth D. Walsh submitted herewith. Accordingly, Trade Joe's is a citizen of the States of Massachusetts and California for the purposes of diversity jurisdiction and is not a citizen of the State of Illinois. *See* 28 U.S.C. §1332(c)(1).

11. Minimal diversity therefore exists under 28 U.S.C. §1332(d)(2)(A). *See, e.g.*, *Marconi v. Indiana Municipal Power Agency*, 2015 WL 4778528, at *5 (N.D. Ill. 2015) (finding minimal diversity pursuant to CAFA where one plaintiff was a citizen of Illinois and four of the five defendants were alleged to be citizens of states other than Illinois).

**B.     Number Of Class Members**

12. Plaintiff purports to bring this action on behalf of "[a]ll citizens of Illinois" who used the alleged biometric systems "at any of Defendants' locations in the State of Illinois in the five years preceding the filing of the Complaint." *See* Compl. ¶ 30. Plaintiff himself alleges that "[u]pon information and belief, at least 100 individuals in Illinois who are similarly situated persons and potential Class members perform(ed) work for the Defendants." *See* Compl. at ¶ 29.

13. Based on these allegations, the Court can properly infer that the proposed class consists of more than 100 members, satisfying the requirement in CAFA that the proposed class consist of more than 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

C.     **Amount In Controversy**

14.     The amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA requires that "the claims of the individual class members shall be aggregated[.]" *See* 28 U.S.C. §1332(d)(6). Although Plaintiff has not alleged a specific amount of damages, CAFA's amount in controversy threshold is met here based on Plaintiff's allegations and the overall damages sought.

15.     As noted above, Plaintiff alleges that "[u]pon information and belief, at least 100 individuals in Illinois who are similarly situated persons and potential Class members perform(ed) work for the Defendants." *See* Compl. at ¶ 29. In reality, according to Workforce's Director of Risk Management and Safety, there may have been 400 individuals who registered for the relevant timeclock with Work Force. *See* Declaration of Rosie Partida, attached as **Ex. E** to Declaration of Kenneth D. Walsh, at ¶ 11, at ¶ 12.

16.     BIPA provides statutory damages of $1,000 for each negligent violation and $5,000 for each intentional or reckless violation, with damages calculated "for each violation." *See* 740 ILCS 14/20. Given that Plaintiff alleges: (a) Defendants purportedly violated the BIPA four times for Plaintiff and members of the proposed class; (b) each of those violations was reckless and subject to a $5,000 statutory fine; and (c) there are "hundreds" of individuals in the proposed class, the amount in controversy in this case will easily exceed the threshold requirement. Specifically, given that there are at least four violations alleged, each potentially worth $5,000, committed by Workforce and at least four violations committed by Trader Joe's, and there are at least 400 class members and potential claimants, that amounts to well over $5,000,000. *See* Declaration of Rosie Partida, attached as **Ex. E** to Declaration of Kenneth D. Walsh, at ¶ 11.  Therefore the amount in

5

controversy in this case will easily exceed the threshold requirement. *See, e.g.*, *Appert v. Morgan Stanley*, 673 F.3d 609, 617-18 (7th Cir. 2012) ("Morgan Stanley has provided a good-faith estimate that plausibly explains how the stakes exceed $5 million. That is sufficient."); *Bloomberg v. Service Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."); *Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) (noting that for removal purposes under CAFA, defendant need only show that the recovery at the $5,000,000 jurisdictional threshold is not "legally impossible").

### III. COMPLIANCE WITH REMOVAL STATUTE

17. The Notice of Removal was properly filed in the United States District Court for the Northern District of Illinois, because the Circuit Court of Cook County, Illinois is located in this federal judicial district. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

18. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

19. The Complaint was served on Workforce on or about May 8, 2020. See Aff. of Service, Ex. 1 hereto. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within 30 days of service of the initial pleading.

20. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Workforce, as well as all those filed in this action, are attached hereto as Group Exhibits A and B.

21. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff and Trader Joe's, and a copy, along with a Notice of Filing of the Notice of Removal, is being filed with the Clerk of the Circuit Court of Cook County, Illinois today.

22. Defendant Trader Joe's is the only other Defendant in this action and has consented to the removal of this matter to federal Court. *See* Exhibit B.

## IV. CONCLUSION

23. Workforce respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Cook County, Illinois. Workforce further requests whatever other relief the Court deems appropriate or is just and proper.

Dated: June 8, 2020

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: */s/ Mary A. Smigielski*
One of Its Attorneys

Mary A. Smigielski
Kenneth D. Walsh
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: 312.345.1718
F: 312.345.1778
Mary.Smigielski@lewisbrisbois.com
Kenneth.Walsh@lewisbrisbois.com
*Attorneys for Defendant Workforce Enterprises WFE, Inc.*